UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHARLENE SCHMITZ,

      Petitioner,

v.                                 Case No. 4:15cv248/MW/CJK

JONES, Warden,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Charlene Schmitz's amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 9). The government has responded in opposition to the petition (doc. 13) and petitioner has filed a reply to the government's response (doc. 15). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes the petitioner is not entitled to relief under § 2241, and the petition should be dismissed for lack of jurisdiction.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a prisoner currently confined at the Federal Correctional Institution in Tallahassee, Florida. In 2008, she was convicted in the U.S. District Court for the Southern District of Alabama of two counts of using a facility of

interstate commerce[1] to "knowingly attempt to persuade, induce, entice and coerce an individual who has not attained the age of eighteen years, . . . to engage in or attempt to engage in sexual activity for which any person can be charged with a criminal offense," in violation of 18 U.S.C. § 2422(b).[2]  *United States v. Schmitz*, Case No. 1:07cr365-KD-M (S.D. Ala.) Docs. 44, 72.  On June 2, 2008, petitioner was sentenced to 121 months' imprisonment on each charge, the sentences to run concurrently.  *Id.*, Doc. 97.  Petitioner appealed, claiming the evidence was insufficient to support her convictions; the Eleventh Circuit affirmed.  *United States v. Schmitz*, 322 F. App'x 765 (11th Cir. 2009).  Petitioner subsequently filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  *United States v. Schmitz*, Case No. 1:07cr365-KD-M, Docs. 127, 133, 136, 139-40.  On March 5, 2012, the Southern District of Alabama denied the motion to vacate and a certificate of appealability.  *Id.*, Docs. 155, 158.  Ms. Schmitz has now filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting the Supreme Court's decision in *Bond v. United States*, 134 S. Ct. 2077, 189 L. Ed. 2d 1 (2014), requires that her convictions be vacated.

---

[1] In count one of the superseding indictment, the facility of interstate commerce was a computer connected to the internet.  In count two, it was a cellular phone service.  *United States v. Schmitz*, Case No. 1:07cr365-KD-M (S.D. Ala.) Doc. 44.

[2] Section 2422(b) of title 18, United States Code, provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

Case No. 4:15cv248/MW/CJK

DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v. Hayman*, 342 U.S. 205 (1952); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981)[3] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."). Direct review of a federal conviction and sentence may be sought by filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court which imposed the sentence. *Darby*, 405 F.3d at 944; *see also* 28 U.S.C. § 2255(a) (providing that a federal prisoner may file a § 2255 motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.").

Section 2255(e) bars a § 2241 petition if the prisoner has failed to seek, or has already been denied relief on a § 2255 motion, "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008) ("[A] § 2255 motion is the exclusive remedy for a federal

_____

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

prisoner to collaterally attack [her] conviction and sentence, except in the rare cases where it is inadequate to do so."). The narrow exception to the § 2255(e) bar is called the "savings clause." *Gilbert v. United States*, 640 F.3d 1293, 1305-06 (11th Cir. 2011). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). "The applicability of the savings clause is a threshold jurisdictional issue. . . ." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013); *see also Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262-63 (11th Cir. 2013) ("Section 2255(e)'s language–'shall not be entertained'–speaks 'in imperative terms regarding a district court's power to entertain a [§ 2241] claim,' and 'in enacting § 2255(e), Congress clearly restricted the subject-matter jurisdiction of the federal courts' over § 2241 petitions." (alterations in original) (*citing Williams*, 713 F.3d at 1340)).

Here, petitioner would like to use a § 2241 petition as a vehicle for challenging the validity–not the execution–of her sentence. She must, therefore, satisfy five requirements to proceed under the savings clause. The five requirements are:

> (1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, this Court's precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition; (2) after the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent; (3) that Supreme Court decision applies retroactively on collateral review; (4) as a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and (5) the savings clause of § 2255(e) reaches [her] claim.

*Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014) (summarizing

Case No. 4:15cv248/MW/CJK

the five requirements set forth in *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013)).

Petitioner claims the Supreme Court's decision in *Bond v. United States*, 134 S. Ct. 2077, 189 L. Ed. 2d 1 (2014), overturned binding circuit precedent holding intrastate usage of a telephone or computer was sufficient to satisfy 18 U.S.C. § 2422(b)'s interstate commerce element. (Doc. 9, p. 11). Petitioner asserts *Bond* narrowed the scope of 18 U.S.C. § 2422(b) to exclude the conduct of which she was convicted.

In *Bond*, defendant Carol Bond attempted to injure her husband's pregnant lover–Myrlinda Haynes–by exposing her to potassium dichromate and an arsenic-based compound. 134 S. Ct. at 2085. As a result of Bond's efforts, Haynes "suffered a minor chemical burn on her thumb, which she treated by rinsing with water." *Id.* Bond was prosecuted for "two counts of possessing and using a chemical weapon, in violation of section 229(a)" of the Chemical Weapons Convention Implementation Act of 1998. *Id.* The Implementation Act was passed to fulfill the United States' obligations under the Convention on Chemical Weapons. *Id.* at 2083, 2085. Section 229(a)(1) makes it unlawful for any person knowingly "to develop, produce, otherwise acquire, transfer directly or indirectly, receive, stockpile, retain, own, possess, or use, or threaten to use, any chemical weapon." 18 U.S.C. § 229(a)(1). The Supreme Court considered "whether the Implementation Act reaches a purely local crime[.]" *Bond*, 134 S. Ct. at 2083. After discussing the purpose of the Convention and concluding the scope of the Implementation Act was ambiguous, the Court held the Act did not reach Bond's conduct because "our constitutional structure leaves local criminal activity primarily to the States, [and the Court has] generally

declined to read federal law as intruding on that responsibility, unless Congress has clearly indicated that the law should have such reach." *Id.* The Court summarized the rationale for its decision as follows:

> If section 229 reached Bond's conduct, it would mark a dramatic departure from that constitutional structure and a serious reallocation of criminal law enforcement authority between the Federal Government and the States. Absent a clear statement of that purpose, we will not presume Congress to have authorized such a stark intrusion into traditional state authority.

*Id.* at 2093-94.

In light of the Supreme Court's decision in *Bond*, petitioner claims her convictions for enticement of a minor should not fall within the purview of federal law because her crime took place within a single state and Congress has not clearly expressed its intent for 18 U.S.C. § 2422(b) to cover intrastate conduct with no effect on interstate commerce. (Doc. 9, p. 25). At first blush, and even at second, one struggles to see how *Bond* might be usefully applied to the present matter. *Bond* certainly does not have the effect petitioner asserts. In the context of petitioner's crime, under 18 U.S.C. § 2422(b), Congress has expressed its intent to reach what petitioner now characterizes as intrastate, or local, conduct.

In *Bond*, the Supreme Court expressly noted the Implementation Act was enacted pursuant to Congress's power to implement treaties, not its power to regulate interstate commerce. *See Bond*, 134 S. Ct. 2087 (citations omitted) ("The Government frequently defends federal criminal legislation on the ground that the legislation is authorized pursuant to Congress's power to regulate interstate commerce. In this case, however, the Court of Appeals held that the Government had explicitly disavowed that argument before the District Court. As a result, in this

Court the parties have devoted significant effort to arguing whether section 229, as applied to Bond's offense, is a necessary and proper means of executing the National Government's power to make treaties."); *id.* at 2098 n.5 (Scalia, J., concurring) ("I agree with the Court that the Government waived its defense of the Act as an exercise of the commerce power.").[4] Under the Commerce Clause, "Congress is empowered to regulate and protect the instrumentalities of interstate commerce . . . even though the threat may come only from intrastate activities." *United States v. Lopez*, 514 U.S. 549, 558, 115 S. Ct. 1624, 131 L. Ed. 2d 626 (1995). Petitioner's enticement of a minor was accomplished through the use of a cellular telephone and a computer connected to the internet, both of which are considered instrumentalities of interstate commerce. *See United States v. Evans*, 476 F.3d 1176, 1180 (11th Cir. 2007) ("Telephones and cellular telephones are instrumentalities of interstate commerce."); *United States v. Liton*, 311 F. App'x 300, 301 (11th Cir. 2009) ("[T]he internet is an instrumentality of interstate commerce[.]"). Through 18 U.S.C. § 2422(b), Congress has clearly expressed its intent to reach conduct arguably occurring entirely within one state, so long as the conduct involves using a facility of interstate commerce to

---

[4] The Supreme Court also expressly limited the reach of its holding in *Bond*:

This case is unusual, and our analysis is appropriately limited. Our disagreement with our colleagues reduces to whether section 229 is "utterly clear." We think it is not, given that the definition of "chemical weapon" in a particular case can reach beyond any normal notion of such a weapon, that the context from which the statute arose demonstrates a much more limited prohibition was intended, and that the most sweeping reading of the statute would fundamentally upset the Constitution's balance between national and local power. This exceptional convergence of factors gives us serious reason to doubt the Government's expansive reading of section 229, and calls for us to interpret the statute more narrowly.

134 S. Ct. at 2093.

Case No. 4:15cv248/MW/CJK

entice the minor. *Cf. United States v. Looney*, 606 F. App'x 744, 747 (5th Cir. 2015) (addressing *Bond's* effect on statute prohibiting production of child pornography, 18 U.S.C. § 2251(a), and noting "[u]nlike the chemical weapons statute in *Bond*, there is every indication that Congress intended to exercise all of its power to regulate child pornography, including punishing purely local conduct so long as the minimal jurisdictional hook is satisfied."). Because *Bond* could not affect judicial interpretation of 18 U.S.C. § 2422(b), petitioner's intrastate conduct continues to fall within the reach of the statute. *See Evans*, 476 F.3d at 1180-81 (A defendant's use of cellular phones, "even without evidence that the calls he made were routed through an interstate system, is sufficient to satisfy § 2422(b)'s interstate-commerce element."); *United States v. Ballinger*, 395 F.3d 1218, 1226 (11th Cir. 2005) ("Plainly, congressional power to regulate the channels and instrumentalities of commerce includes the power to prohibit their use for harmful purposes, even if the targeted harm itself occurs outside the flow of commerce and is purely local in nature."); *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004) ("Congress clearly has the power to regulate the internet, as it does other instrumentalities and channels of interstate commerce, and to prohibit its use for harmful or immoral purposes regardless of whether those purposes would have a primarily intrastate impact.").

Also, other courts addressing the impact of *Bond* have concluded that case does not limit the federal government's ability to prosecute individuals under statutes containing an interstate-commerce element. *See Looney*, *supra*; *United States v. Andre*, Case No. 2:11cr374-JCM-CWH, 2014 WL 5502970 *5 (D. Nev. Oct. 29, 2014) (rejecting similar argument based on *Bond* and finding that felon in possession

statute–18 U.S.C. § 922(g)(1)–"explicitly proscribes purely local conduct, so long as the firearm was moved in interstate commerce at some point in time."); *United States v. Jasen*, Case No. 8:15cr214-T-27TBM, 2015 WL 5190645 *6 (M.D. Fla. Sept. 4, 2015) (noting, post-*Bond*, "[t]here can be no serious argument . . . that Congress lacks authority to enact criminal statutes proscribing conduct which uses instrumentalities of commerce for harmful purposes.").

To support her claim that *Bond* narrowed the scope of 18 U.S.C. § 2422(b), petitioner advances several related arguments, all of which lack merit. First, petitioner claims that application of 18 U.S.C. § 2422(b) to intrastate conduct violates the Tenth Amendment. Congress does not, however, "violate the Tenth Amendment when it enacts legislation through the constitutionally permissible exercise of its Commerce Clause power." *United States v. Moody*, 555 F. App'x 867, 869 (11th Cir. 2014) (*citing Cheffer v. Reno*, 55 F.3d 1517, 1521 (11th Cir.1995). Next, petitioner contends her conduct more appropriately falls within the ambit of Alabama law and 18 U.S.C. § 2422(b) should be interpreted to avoid preempting state law. (Doc. 9, p. 13; doc. 15, p. 5-6). Petitioner is mistaken in her belief that § 2422(b) preempts state law. An individual can be prosecuted by both the state and federal government for the same conduct. *See United States v. Harden*, 37 F.3d 595, 598 (11th Cir. 1994) ("[T]he United States Attorney has prosecutorial discretion even if a case is first referred for state prosecution because a defendant may be prosecuted and convicted under a federal statute following conviction in state court for the same conduct without violating due process." (*citing Abbate v. United States*, 359 U.S. 187, 190-96, 79 S. Ct. 666, 668-71, 3 L. Ed. 2d 729 (1959))). Petitioner also claims 18 U.S.C. § 2422(b) should not reach her conduct because the Telecommunications Act of

1996–which added subsection (b) to 18 U.S.C. §2422–was intended to regulate "phone companies, internet providers, and other service carriers." (Doc. 9, p. 13-18). The plain language of 18 U.S.C. § 2422(b), however, clearly criminalizes the conduct of individuals who, like petitioner, used a facility of interstate commerce to entice a minor. Indeed, that is the very essence of the statutory prohibition.

Because the Supreme Court's decision in *Bond* did not overturn relevant binding precedent or narrow the interpretation of 18 U.S.C. § 2422(b), petitioner cannot satisfy the second requirement to proceed under the savings clause. This petition for writ of habeas corpus, therefore, should be dismissed for lack of jurisdiction.[5]

Accordingly, it is respectfully RECOMMENDED:

1.     That the amended petition for writ of habeas corpus (doc. 9) filed pursuant to 28 U.S.C. § 2241 be DISMISSED for lack of jurisdiction.

2.     That the clerk be directed to close the file.

At Pensacola, Florida, this 19th day of November, 2015.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] The undersigned refrains from addressing the other savings clause requirements. *See Jeanty*, 757 F.3d at 1285 ("We do not address all five requirements because doing so is not necessary to decide this case.").

Case No. 4:15cv248/MW/CJK

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:15cv248/MW/CJK